IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re: Charles and Hien Nguyen
Debtors/Respondents

Chapter 7
No. 25-14186

RESPONSE TO MOTION TO EXTEND DEADLINE

1. No response is required.

2. Admitted.

3. Denied. This is improper procedure. The legal bases for lien avoidance and extension of discharge deadline are completely unrelated.

4. Denied. This is improper procedure. The legal bases for lien avoidance and extension of discharge deadline are completely unrelated. Moreover, Movant has filed Motion to Dismiss but did not file an adversary proceeding for nondischargeability within the initial period for objection to discharge or within the 2-month extended period agreed to by Debtors because the Chapter 7 trustee was attempting to settle the dispute between Movant and Debtors by agreement. Movant acted in bad faith during the negotiations, and he is not entitled to an additional extension of the dischargeability deadline.

5. Denied. Obviously there is prejudice to Debtors in extending the dischargeability deadline when after expiration of the original deadline and the extended deadline, Movant has still failed to file an adversary proceeding for nondischargeability. Debtors believe, and therefore aver, that Movant has no basis for nondischargeability or otherwise would have filed the adversary proceeding within the prescribed time. Debtors deny that they acted in bad faith in the previous case or are acting in bad faith in the present case. Regardless, the determination of bad faith is

properly the subject of an adversary proceeding for nondischargeability or motion to dismiss (which Movant has filed), and not for a motion to extend time for dischargeability.

Movant has neither stated facts nor made a legal argument of any kind in support of the instant motion.

6. Denied. Movant has had abundant time to file the "appropriate pleading" but has not done so. Neither the UST nor any creditor other than Movant has filed an adversary proceeding for nondischargeability nor a motion to extend. Also, the Chapter 7 trustee has not requested an additional extension of deadline. Movant failed to file the "appropriate pleading" for no good reason; this motion was filed in bad faith and should be denied.

WHEREFORE, Debtors respectfully requests that this Honorable Court enter an Order denying the Motion.

Respectfully submitted,

*/s/ Sharon S. Masters*

Sharon S. Masters, Esquire
132 Overleaf Drive
Thorndale, PA 19372
(610) 322-5277
shmasters@hotmail.com
Attorney for Debtors/Respondents

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

Charles K. Nguyen
Hien T. Nguyen
Debtors

No. 25-14186

**ORDER**

AND NOW this___ ________ day of Motion of Tho Nguyen to Extend Discharge Deadline, any reply thereto, and following a hearing, it is hereby ORDERED and DECREED that the Motion is DENIED.

HONORABLE ASHELY M. CHAN,
Chief Judge United States
Bankruptcy Court