IN THE UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: Charles K. Nguyen and Hien T. Nguyen | : | Chapter 7 |
| Debtors | : | No. 25-14186 |

MEMORANDUM OF LAW IN SUPPORT OF RESPONSE TO MOTION TO DISMISS CASE

Debtors/Respondents, Charles and Hien Nguyen, by their counsel Sharon S. Masters, Esquire, respectfully submit this Memorandum of Law in support of their Response to the Motion of Tho Nguyen to Dismiss Case with Prejudice, as follows:

Debtors filed the instant case *pro se* on October 15, 2025 under Chapter 13. The case was converted to a Chapter 7 on March 10, 2026, and Robert Holber was appointed as Chapter 7 trustee. Schedule A/B listed Debtors' real estate at 148 Penn Avenue, Souderton, PA 18964, two vehicles, household goods, clothing, and other personal property. The personal property was completely exempted on Schedule C; the real estate was exempted in the amount of $62,500.00. All schedules were timely filed, and a Chapter 7 meeting of creditors was held on May 19, 2026 by Mr. Holber; Movant did not appear at the meeting of creditors. In advance of the meeting of creditors, Debtors submitted all required documents, including bank statements for the month of filing and the prior two months and federal tax returns. Mr. Holber thoroughly reviewed all documents with Debtors under oath and asked for additional bank statements, which were provided.

Movant has a judgment lien against Debtors in a state court action based upon a contract entered into between Movant and Hien Nguyen. There is a first mortgage lien in the amount of $226,340.00 against Debtors' real estate, and Movant's judgment lien in the amount of $248,350.00. Debtors have also filed a Motion to Avoid Lien to protect their exempt equity in the real estate. After discussion with Mr. Holber, Debtors agreed to a two-month extension of the period to bring a nondischargeability complaint so that Mr. Holber could attempt to negotiate with Movant concerning proceeds of the sale of the real estate. Movant benefitted from this extension, but did not bring an adversary action for nondischargeability within the original period or the extended period. The plan was for Mr. Holber to sell the real estate and after satisfaction of the two mortgages and closing costs, the net proceeds would be split evenly among Debtors, Movant, and the trustee in exchange for a release by Movant of any further claims against Debtors arising from the state court litigation. Movant agreed on the split but not to the release, so the deal could

not be finalized. Mr. Holber thereafter decided not to sell the real property and filed a report of no distribution on July 29, 2026. The first mortgagee has relief from the stay and has or will schedule a sheriff's sale.

Movant's Motion is exclusively based on Debtors' prior bankruptcy case 19-13854 filed as a Chapter 7 on June 14, 2019 and converted to a Chapter 13 on November 20, 2019 (the "First Bankruptcy Case"). Movant filed a Motion to Dismiss for Cause in that case based upon his allegations that Debtor Hien Nguyen was the actual owner of a business owned on record by her son, William Nguyen, and that the bank statements for the period before the First Bankruptcy Case was filed showed income in excess of that reported on the bankruptcy schedules in that case. At that time, William Nguyen was living at his parents' house. An evidentiary hearing was held on September 18, 2025, at which Debtors were not permitted to testify because of their then-counsel's failure to timely file a witness list. Based on the allegations and the testimony of two witnesses who had business dealings with Hien Nguyen, the Court granted the Motion to Dismiss with Cause but did not dismiss the case with prejudice. The Court found the "the Debtor wife here, acted in bad faith." (Transcript p. 57). "And as a result of her bad faith, I'm absolutely going to dismiss this bankruptcy case." (Transcript p. 58). The case was dismissed for cause, **but not with prejudice.**

Dismissal with prejudice should be narrowly confined. It is based on totality of the circumstances and decided on a case by case basis. There is no evidence of bad faith in the instant case. The bank statements, tax returns and other documents were reviewed by the Chapter 7 trustee and verified under oath. Movant did not appear at the meeting of creditors to question Debtors. The bank statements uploaded in this case show only social security income received by both Debtors. Debtors' son, William Nguyen has his own house and no longer lives with or contributes to Debtors' income. Debtor Hien Nguyen does not own William Nguyen's business, does not receive income from the business, and does not operate or control the business. Movant's allegations of bad faith pertain only to the circumstances in the First Bankruptcy Case and are inapplicable to the instant case.

A critical distinction between the First Bankruptcy Case and the instant case is that the former was a Chapter 13, while the latter is a Chapter 7. Trustee Holber, after a thorough examination of Debtors and the documents in this case, found no assets or income of the Debtors to distribute to unsecured creditors. Mr. Holber had the opportunity to sell the real estate, to file a complaint for nondischargeability, or an objection to exemptions, but chose not to do so. Movant also failed to file an adversary proceeding for nondischargeability, although he had four months to do so and in fact had done so in the First Bankruptcy Case at 24-00090.

In *In re Tamecki*, the Third Circuit set forth the standard for dismissal of a bankruptcy based on bad faith. *In re Tamecki*, 229 F.3d 205 (3d Cir. 2000). "Dismissal based on lack of good faith… should be confined carefully and is generally utilized only in those egregious cases that entail concealed or misrepresented assets and/or sources of income." *Id.* at 205. Once bad faith is properly alleged, the burden shifts to the debtor to prove his good faith." *In re Marks*, 174 B.R. 37, 40 (E.D. Pa. 1994). In considering a motion to dismiss, the court must review the totality of the circumstances. *In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007). As Movant correctly stated, bad faith "must necessarily be determined on a case by case basis (Movant's Motion to Dismiss, paragraph 16(b)). There is no evidence whatsoever in the instant case that Debtors "concealed or misrepresented assets and/or sources of income." *See Tamecki*, 229 F.3d at 205. The Chapter 7 Trustee reviewed all information submitted by the Debtors and was satisfied. Movant had an opportunity to appear at the meeting of creditors but did not do so. No challenge has been made to the information submitted in this case.

There is no basis for a finding of bad faith in this case or other circumstances that warrant dismissal with prejudice. Moreover, there was no finding of bad faith against Debtor Charles Hien in the First Bankruptcy Case. Charles has filed both bankruptcies in good faith and should not be dismissed from this case, especially with prejudice.

WHEREFORE, Debtors respectfully request the Honorable Court deny the Motion to Dismiss.

Respectfully submitted,

/s/ Sharon S. Masters
Sharon S. Masters, Esquire
132 Overleaf Drive
Thorndale, PA 19372
(610) 322-5277
shmasters@hotmail.com
Attorney for Debtors/Respondents

Dated: 9/29/2026